IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAD GIPSON, Individually, and
on Behalf of the Wrongful Death Beneficiaries
of MARY ALICE GIPSON, Deceased**     **PLAINTIFFS**

**VS.**     **CAUSE NO.:** 1:22CV128-SA-RP

**AARON A. ROBERTSON;
CLEMENT LOGISTICS, LLC; and
JOHN DOES Nos. 1 – 10**     **DEFENDANTS**

## COMPLAINT

**COMES NOW**, the Plaintiff, Chad Gipson, individually and on behalf of the Wrongful Death Beneficiaries of Mary Alice Gipson, deceased, and files this his Complaint against Defendants, Aaron A. Robertson; Clement Logistics, LLC; and John Does 1 through 10. In support thereof, Plaintiff would show:

### PARTIES

1. Plaintiff, Chad Gipson, is an adult resident citizen of Mississippi, and is over the age of nineteen years old.

2. Defendant, Aaron Arlie Robertson ("Robertson"), is an adult resident citizen of Laclede County, Missouri and may be served with process at 411 Clark Avenue, Lebanon, Missouri 65536.

3. Defendant, Clement Logistics, LLC ("Clement Logistics"), is a foreign limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Lebanon, Missouri. Clement Logistics may be served with process of this

Court by serving the same upon its registered agent for service of process, to-wit: 920 Alexis, Lebanon, Missouri 65536.

4. John Does 1 through 10 are the persons or entities, whether singular or plural, who or which caused or contributed to Mary Alice Gipson's ("Gipson") injuries and death as set forth herein. Plaintiff avers that the identities of the John Doe Defendants are unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper parties are not known to Plaintiff at this time, and their true names will be substituted by amendment under the Federal Rules of Civil Procedure, when ascertained.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs and the parties are diverse.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions causing Plaintiff's claims occurred in the Northern District of Mississippi.

7. Chad Gipson herein demands a jury trial of this civil action under Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

## FACTS

8. The incident causing this civil action is a motor vehicle collision which occurred on August 27, 2021, on I-22 in Lee County, Mississippi.

9. This collision involved a 2008 Buick LeSabre driven by Gipson and a 2015 Freightliner driven by Robertson and owned by Clement Logistics LLC.

10. Immediately prior to the collision, Gipson was traveling on I-22 when her Buick

made contact with the median divider, eventually causing her vehicle to come to rest in the far-right lane. A collision occurred because Robertson maintained a lack of attentiveness and failed to make a lane change to avoid Gipson.

11. The collision occurred when Robertson failed to make a lane change to avoid Gipson's disabled vehicle.

12. Gipson was severely injured because of said collision, and she ultimately died because of those injuries.

13. Robertson was, at the time of the collision, negligently operating his vehicle by failing to keep a proper lookout, by not following the 12-15 second professional driver standard, failing to exercise his last clear chance to avoid the collision, by exercising any number of non-emergent evasive maneuvers, and by other acts of negligence and negligence per se which may be discovered in this litigation.

14. The negligence and negligent acts of Robertson is/are the proximate cause, or the proximate contributing cause, of the collision and Plaintiff's damages.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

15. Plaintiff incorporates by reference those paragraphs set out above as though set forth herein.

16. Robertson had a legal duty to exercise reasonable care for the safety of other motorists while operating his vehicle.

17. Robertson acted negligently when he maintained a lack of attentiveness and failed to make a lane change to avoid Gipson completely.

18. Robertson's acts of negligence include, but are not limited to:

      a)     failing to keep a proper lookout;

      b)     failing to be alert while operating a motor vehicle;

      c)     failing to use due care for the safety of others

      d)     failing to follow the 12-15 second professional driver standard;

      e)     failing to exercise his last clear chance to avoid the collision

      f)     by exercising any number of non-emergent evasive maneuvers; and

      g)     other acts of negligence which may be discovered in the course of this litigation.

19. As a proximate cause of the individual negligence and/or wantonness of Robertson, Gipson was fatally injured, and her vehicle was a total loss.

20. As a proximate cause of the individual negligence and/or wantonness of Robertson, Gipson's wrongful death beneficiaries suffered a loss of society and companionship.

21. Robertson's negligence was the proximate cause and/or proximate contributing cause of this collision, and he and Clement Logistics are liable to Plaintiffs for their injuries, damages, and/or losses.

## COUNT II – NEGLIGENCE *PER SE* OF ROBERTSON

22. Plaintiff incorporates by reference those paragraphs set out above as though set forth herein.

23. The acts of negligence *per se* of Robertson were the proximate cause, or were a proximate contributing cause, of Gipson's injuries, death, damages, and/or losses.

24. The acts of negligence per se committed by Robertson include, but are not limited to:

      a)     failing to maintain a proper lane;

      b)     failing to yield to the right of way;

4

    c)    failing to keep a proper lookout;

    d)    failing to be alert while operating a motor vehicle;

    e)    failing to use due care for the safety of others;

    f)    driving a motor vehicle in violation of Sections 63-3-1201 and/or 63-3-1213 of the Mississippi Code of 1972, Annotated, as amended, and/or other applicable statutes, ordinances and regulations;

    g)    driving a commercial motor vehicle in violation of Sections 2.4.1 and 2.6.4 of the Mississippi Professional Driver Manual; and

    h)    other acts of negligence *per se* which may be discovered during this litigation.

25. Said failure to comply with the aforementioned Code sections and regulations constitutes negligence *per se* because it resulted in the harms the statutes were designed to prevent, and Gipson was within the class of persons the statutes were intended to protect.

26. As a proximate cause of the individual negligence and/or wantonness of all Gipson was fatally injured.

### COUNT III - CLEMENT LOGISTICS' VICARIOUS LIABILITY

27. Plaintiff incorporates by reference those paragraphs set out above as though set forth herein.

28. At all times pertinent to this civil action, Robertson was an agent, employee, and/or servant of Defendants Clement Logistics and was under its direct supervision, employ, and control when he committed the wrongful and negligent acts/or omissions as described herein. .

29. Robertson's negligence may be attributed to his employer(s) under the doctrine of *respondeat superior*, and the Defendants Clement Logistics and/or Fictitious Defendants 1-10 is/are vicariously liable for such negligence and/or acts of negligence committed by Robertson.

5

30. The injuries and damages suffered by Plaintiffs are the direct and proximate result of Robertson's negligence and/or negligence *per se*. Therefore, Clement Logistics is vicariously liable for Plaintiff's injuries, damages, and losses.

31. Defendant Robertson engaged in the wrongful conduct while acting in the course and scope of his employment or work with Defendant Clement Logistics and/or one or more of the Fictitious Defendants, which proximately caused Gipson's death.

32. As a proximate cause of the individual negligence and/or wantonness of all Defendants, Gipson was fatally injured.

### COUNT IV - ACTS OF NEGLIGENCE OF DEFENDANTS JOHN DOES 1-10

33. Plaintiff incorporates by reference those paragraphs set out above as though set forth herein.

34. Plaintiff alleges that the wrongful conduct of the Fictitious Defendants combined and concurred with the wrongful conduct of Robertson and as a proximate consequence thereof Gipson was fatally injured. All foregoing Counts and causes of action stated herein or contained in any subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this or any Amended Complaint.

35. As a proximate cause of the individual negligence and/or wantonness of all Defendants, Gipson was fatally injured.

### DAMAGES

36. Plaintiff incorporates by reference those paragraphs set out above as though set forth herein.

37. As a proximate consequence, or proximate contributing consequence, of the above-described acts of the Defendants, the wrongful death beneficiaries of Gipson and her estate suffered and sustained injuries, damages, and/or losses and damages, including, but not limited to:

    a) conscious pain and suffering of the decedent prior to her demise;

    b) funeral expenses;

    c) property damage;

    d) lost wages;

    e) loss of society and companionship; and

    f) other injuries, losses and damages which may be shown upon the trial of this action.

38. The acts or omissions of Defendants were grossly negligent entitling Plaintiff to punitive damages under Mississippi Code Section 11-1-65 (1972, as amended) and/or under the common law, in an amount sufficient to punish Defendants and to deter similar future conduct.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Chad Gipson, individually and on behalf of the wrongful death beneficiaries of Mary Alice Gipson, demands judgment against the Defendants in an amount to be determined by the jury reasonably calculated to compensate the Plaintiffs for their injuries, damages, and losses, and all costs of bringing this action.

Respectfully Submitted,

**CHAD GIPSON**

By: _/s/ Casey L. Lott_
CASEY L. LOTT, MBN 101766
THOMAS O. COOLEY, MBN 103991
Attorneys for the Plaintiffs

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: clott@langstonlott.com
       tcooley@langstonlott.com