IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHAD GIPSON Individually, and**                                              **PLAINTIFF**
**on Behalf of the Wrongful Death**
**Beneficiaries of Mary Alice Gipson, Deceased**

**V.**                                                        **CIVIL ACTION NO. 1:22-CV-128-SA-RP**

**AARON A. ROBERTSON, et al.**                                                 **DEFENDANTS**

## ORDER GRANTING MOTION TO EXCLUDE
## EXPERT OPINIONS OF TREATING PHYSICIANS

This matter is before the court on the Plaintiff's Motion to Exclude or Limit Expert Opinions of Treating Physicians. ECF #79. The plaintiff argues that the defendants' purported expert witness designation of the decedent Mary Gipson's treating physicians is insufficient under the court's procedural rules, and that any opinion of any treating physician offered by the defendants should be excluded at trial. The court agrees.

The plaintiff brought this wrongful death action to recover damages from the defendants Aaron A. Robertson and Clement Logistics, LLC resulting from a collision between a vehicle driven by the decedent Mary Alice Gipson and a vehicle driven by Robertson and owned by Clement Logistics. In their designation of expert witnesses provided during discovery, under the heading, "Non-Retained Experts," the defendants designated "Treating Physicians and Medical Professionals" as follows:

> Defendants may also call any of Mary Gipson's treating physicians, therapists, or medical professionals who provided care or treatment for her preceding her death and may solicit expert opinions from them. It is expected that any such witness will testify consistently with their medical and/or treatment records, therapy records, and/or deposition testimony. The Defendants reserve the right to examine any such physician or provider on any medical record or treatment or

1

opinion or diagnosis in any way related to Mary Gipson and/or to cross examine such physician or provider on any medical/therapy point in any way related to the treatment or diagnoses of Mary Gipson.

The plaintiff correctly points out that this expert witness designation is insufficient under Federal Rule of Civil Procedure 26(a)(2), which in addition to requiring the disclosure of the "identity" of any witness a party may use at trial to present testimony under Rule 702, 703, or 705, requires for any non-retained expert witness a statement of the subject matter on which the witness is expected to provide expert testimony and a summary of the facts and opinions to which the witness is expected to testify. FED.R.CIV.P. 26(a)(2)(C). The plaintiff also points out that the defendants failed to provide the required information in response to written interrogatories specifically requesting it. As such, the plaintiffs request the exclusion of any expert testimony by any treating physician or other medical professional offered by the defendants at trial.

In response, the defendants state they do not intend to call at trial any physicians or medical professionals who provided services or treatment to Mary Gipson prior to the date of the collision. However, they state they reserve the right to call any first responders or medical personnel who responded to the collision scene to offer opinions in the form of lay witness testimony under Federal Rule of Evidence 701. There being no dispute that the defendants have not properly designated as an expert witness any physician, therapist, or medical professional, or, for that matter, any first responder or medical personnel who responded to the collision scene, the Plaintiff's Motion to Exclude or Limit Expert Opinions of Treating Physicians [ECF #79] is GRANTED. No physician, therapist, medical professional, first responder, or other medical personnel called by the defendants at trial will be allowed to give expert testimony.

SO ORDERED, this, the 21st day of September, 2023.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE