IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHAD GIPSON Individually, and**                                                      **PLAINTIFF**
**on Behalf of the Wrongful Death**
**Beneficiaries of Mary Alice Gipson, Deceased**

**V.**                                                      **CIVIL ACTION NO. 1:22-CV-128-SA-RP**

**AARON A. ROBERTSON, et al.**                                        **DEFENDANTS**

### ORDER GRANTING MOTION TO EXCLUDE EXPERT OPINIONS OF PARTIES OR PARTY REPRESENTATIVES

This matter is before the court on the Plaintiff's Motion to Exclude or Limit Expert Opinions of the "Parties." ECF #78. The plaintiff argues that the defendants' purported expert witness designation of "any party or party representative in this case" is insufficient under the court's procedural rules, and that any party or party representative called by the defendants to testify at trial should therefore be prohibited from offering expert testimony. The court agrees.

The plaintiff brought this wrongful death action to recover damages from the defendants Aaron A. Robertson and Clement Logistics, LLC resulting from a collision between a vehicle driven by the decedent Mary Alice Gipson and a vehicle driven by Robertson and owned by Clement Logistics. In their designation of expert witnesses provided during discovery, under the heading, "Non-Retained Experts," the defendants designated "Parties" as follows:

> The Defendants may call as an expert witness any party or party representative in this case. Parties and/or the party representatives in this matter have or can be deposed, and it is expected that any expert opinions offered by them will be provided within the realm of their expertise and will be consistent with their business and/or medical records and consistent with the deposition testimony they have provided or will provide in the case. That testimony is already set forth in their depositions (or will be set forth in depositions), and these lay witnesses with this type of expertise may reasonably expand on any such issues that are relevant to the issues in this case.

The plaintiff correctly points out that this expert witness designation is insufficient under Federal Rule of Civil Procedure 26(a)(2), which in addition to requiring the disclosure of the "identity" of any witness a party may use at trial to present testimony under Rule 702, 703, or 705, requires for any non-retained expert witness a statement of the subject matter on which the witness is expected to provide expert testimony and a summary of the facts and opinions to which the witness is expected to testify. FED.R.CIV.P. 26(a)(2)(C). The plaintiff also points out that the defendants failed to provide the required information in response to written interrogatories specifically requesting it. As such, the plaintiffs request the exclusion of any expert testimony by any party or party representative of the defendant.

In response, the defendants state that any opinion testimony by any party or party representative would be offered in the form of lay witness testimony under Federal Rule of Evidence 701, and that the defendants designated such witnesses as non-retained experts "out of an abundance of caution." There being no dispute that the defendants have not properly designated any party or party representative as an expert witness, the Plaintiff's Motion to Exclude or Limit Expert Opinions of the "Parties" [ECF #78] is GRANTED. No party or party representative of a defendant will be allowed to give expert testimony at the trial of this case.

SO ORDERED, this, the 21st day of September, 2023.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE